MEEHAN v. MEEHAN

[116 N.C. App. 622 (1994)]

———————

CHERYL M. MEEHAN, PLAINTIFF v. ROBERT E. MEEHAN, DEFENDANT

No. 9426DC34

(Filed 18 October 1994)

**Divorce and Separation § 453 (NCI4th)— children's unreimbursed medical expenses and activity fees—authority of court to apportion—defendant estopped to deny court's authority**

The trial court was authorized to apportion the parties' uninsured medical expenses and activity fees and defendant was equitably estopped from denying that the court had such authority where the court was authorized by a consent order for child custody and child support to settle disputes concerning how the parties were to apportion medical expenses and activity fees; prior to an equitable distribution hearing the parties submitted memoranda contemplating that the trial court would resolve the issue of the apportionment of medical and activity expenses between the parties; and, prior to the hearing on these issues, defendant's counsel stated that an issue regarding defendant's reimbursement for the medical expenses and activities existed and that the parties would present testimony and would be bound by the court's decision concerning the issue.

**Am Jur 2d, Divorce and Separation § 971.**

Appeal by defendant from order entered 30 July 1993 by Judge Yvonne Mims Evans in Mecklenburg County Civil District Court. Heard in the Court of Appeals 28 September 1994.

*Casstevens, Hanner, Gunter & Gordon, P.A., by Dorian H. Gunter, for plaintiff-appellee.*

*Edward P. Hausle, P.A., by Edward P. Hausle, for defendant-appellant.*

MEEHAN v. MEEHAN

[116 N.C. App. 622 (1994)]

JOHNSON, Judge.

On 31 January 1992 a consent order for child custody and child support was entered in this proceeding which provided: that the parties would have joint custody of the parties' three children; that defendant would pay plaintiff child support in the amount of $1,100.00 per month; that the parties would equally divide the uninsured medical, dental and optical expenses incurred on behalf of the children up to a maximum obligation for each party of $100.00 per month; and in the aggregate, the court would apportion such expenses to the extent that the parties could not agree. The order also stated that the parties would seek to apportion expenses for the children's activities between themselves but, in the event that they could not reach an agreement, the parties and their attorneys consented to a provision in the order stating that the "matter will be referred back to the court for adjustments to be made in child support." No agreements were reached or orders entered with regard to equitable distribution at the time of the 27 January 1992 hearing regarding custody and child support.

In March 1992, the parties' youngest child Michael was diagnosed with cancer, and began undergoing extensive medical treatment as a result of his condition. As a result, Michael's medical expenses exceeded the minimum amounts which the parties had agreed to apportion on a monthly basis.

On 6 July 1992 defendant filed a request for unequal division of marital property requesting that the court consider as a distributive factor in the parties' equitable distribution the large anticipated and actual uninsured medical expenses for the minor child, terming the illness suffered by Michael as a "substantial emergency." The court had previously entered a pretrial equitable distribution order reflecting that a dispute existed regarding the medical condition of the minor child, terming the illness suffered by Michael as a "substantial emergency." The court had also previously entered a pretrial equitable distribution order reflecting that a dispute existed regarding the medical condition of the minor child and the attendant medical expenses and whether such situation should impact the equitable distribution between the parties.

In addition, since the entry of the joint custody and child support order, the parties had engaged in continuing disputes over the activities that the children would participate in and the apportionment of fees between the parties. Prior to the scheduled hearing in May 1993,

MEEHAN v. MEEHAN

[116 N.C. App. 622 (1994)]

both parties through counsel presented briefs to the court reflecting that the court would resolve the issue of the apportionment of activity fees and uninsured medical expenses between the parties. Defendant's memorandum contemplated that the issue would be handled as a part of the equitable distribution. Plaintiff's brief stated that "although the parties agree that the child support and activities fees issues should be dealt with while they are in Court, this would be separate and apart from the equitable distribution of the marital property."

When the equitable distribution matter was called for trial, counsel for defendant stated that the parties had reached an agreement with regard to property division and equitable distribution. Counsel for defendant also stated:

We've also agreed that there is an issue outstanding as to whether or not Mr. Meehan is to be reimbursed for any of the medical expenses and kids' expenses since the date of separation including Michael's expenses and both parties agree that they will present testimony on that issue and that we're bound by your decision concerning that issue.

Prior to evidence being presented, the court asked the attorneys, "[D]o you want to present testimony today on the issue of the medical expenses and the activity fee?" Counsel for plaintiff addressed the court, and counsel for defendant also reiterated that the issue before the court was apportionment of activity fees and uninsured medical expenses for all the children including Michael. In both instances, counsel for defendant affirmatively indicated that the issues to be heard by the court with the consent of defendant were the apportionment of the activity fees of the children and uninsured medical expenses of the children.

Subsequent to the recitations by counsel for the parties regarding what issues the court was to resolve, the court took evidence from plaintiff and defendant regarding expenditures made by both parties on behalf of the children regarding the activities and uninsured medical expenses of the children. The court also heard evidence from both parties regarding disputes that had been ongoing since the entry of the court's order since January 1992 regarding apportionment of uninsured medical expenses and activity fees. Both parties testified of voluntary efforts on the part of each to contend with the family crisis which had been created by the minor child Michael's illness. Plaintiff testified that she had quit work to take care of the minor

MEEHAN v. MEEHAN

[116 N.C. App. 622 (1994)]

child during the time of his treatment. Defendant testified that plaintiff quitting work to take care of the minor son during the day was necessary and that plaintiff had utilized certain savings bonds to support herself while she was not working. Defendant also testified that he had increased the amount of child support he was paying to plaintiff to take into account that she could not work during this time and needed additional support.

Subsequent to entering a written order, counsel for the parties and the trial judge exchanged correspondence regarding the content of the order dealing with the medical expenses and activity fees issues as well as the equitable distribution order. The court's letter to counsel for the parties also indicates that counsel for defendant participated in the calculation of the "outstanding expenses" of the children as suggested by the court.

In the letter to the court from counsel for plaintiff, the court's attention was called to the provision in the equitable distribution judgment which gave defendant an $812.00 credit for the sum that the court found was owed by plaintiff to defendant as a result of the court's ruling as contained in her letter of 27 May 1993. The letter from counsel for plaintiff recites that plaintiff has agreed in the equitable distribution consent judgment to give defendant an immediate credit for the sum determined by the court to be owed by plaintiff to defendant for medical expenses and activity fees in exchange for defendant paying the distributive award to plaintiff in cash.

Counsel for defendant requested the court to enter the equitable distribution order immediately in his letter to the court on 26 July 1993. The equitable distribution judgment which was consented to by the parties and their attorneys recites that the distributive award owed by defendant to plaintiff is reduced by $812.00 which the court found to be the amount owed by plaintiff to defendant through the date of the hearing on 25 May 1993 and further stated that the "sum of $812.00 represents the amount owed by the plaintiff to defendant for her portion of the children's uninsured medical expenses from the date of separation through 25 May 1993."

In this appeal, defendant has forty-two assignments of error which can be generally summarized into a single issue: was the trial court authorized to apportion the parties' uninsured medical expenses and activity fees? We find that the trial court was so authorized by reason of estoppel.

The trial court was authorized by the 31 January 1992 consent order for child custody and child support to settle disputes concerning how the parties were to apportion medical expenses and activity fees. In addition, prior to the equitable distribution hearing, the parties submitted memorandum contemplating that the trial court would resolve the medical and activity expenses between the parties. Moreover, prior to the hearing on these issues, defendant's counsel stated that an issue regarding defendant's reimbursement for the medical expenses and activities existed and that the parties would present testimony and would be bound by the court's decision concerning the issue. The preceding instances show that defendant agreed that the trial court had the authority to decide the issues.

Our Courts have continuously recognized that a party may not assert a particular position in an action, and then assert a contrary position in subsequent proceedings after having accepted the benefits. *Johnson v. Johnson*, 262 N.C. 39, 136 S.E.2d 230 (1964); *Smith v. Smith*, 265 N.C. 18, 143 S.E.2d 300 (1965); *Hinkle v. Hinkle*, 266 N.C. 189, 146 S.E.2d 73 (1966). Consequently, defendant is estopped from maintaining that the court erred: by retroactively "divesting" defendant of sums previously ordered by the trial court; by proceeding due to a lack of notice; by proceeding because of a lack of a written motion; by deviating from the child support guidelines; and by modifying a prior order of a district court judge. The trial judge did exactly what the parties asked her to do—apportion uninsured medical expenses and activity fees between the parties when they were unable to do it themselves.

Defendant received benefits in that the court awarded a $812.00 credit in reimbursement for uninsured medical expenses of the children and part of the activity fees. This was reduced from the distributive award owed by defendant to plaintiff. Defendant is now attempting to have the court award a greater amount than that which he accepted and that for which he received credit. Defendant cannot accept the benefits of the court's ruling and then attack the court's ruling. Under the theory of equitable estoppel, a party who accepts the benefits of a transaction may not afterwards attack the validity of the transaction to the detriment of the other parties who relied on their assurances. *Thompson v. Soles*, 299 N.C. 484, 263 S.E.2d 599 (1980).

In the case *sub judice*, plaintiff relied on the assertion by defendant in court that the parties would be "bound" by the court's ruling on

**INTERIOR DISTRIBUTORS, INC. v. HARTLAND CONSTRUCTION CO.**

[116 N.C. App. 627 (1994)]

the uninsured medical expenses and activity fees. Thus, defendant is equitably estopped from denying that the court had authority to settle the issue of apportionment of uninsured medical expenses and activity fees. The trial court's order is affirmed.

Affirmed.

Judges GREENE and LEWIS concur.