MEDICARE RENTALS, INC., PLAINTIFF v. ADVANCED SERVICES, THE MOSES H. CONE MEMORIAL HOSPITAL, WESLEY LONG COMMUNITY HOSPITAL, AND HIGH POINT REGIONAL HOSPITAL, DEFENDANTS

No. 9418SC31

(Filed 15 August 1995)

### 1. Estoppel § 10 (NCI4th)— antitrust action—judicial estoppel inapplicable

Plaintiff's antitrust claims against defendants were not barred by judicial estoppel because plaintiff did not disclose these claims during its Chapter 11 bankruptcy reorganization proceedings where there is no evidence that plaintiff was aware of any potential antitrust claims against defendants while it was undergoing bankruptcy reorganization or that plaintiff intentionally misled the bankruptcy court about the possibility of an antitrust action against defendants.

**Am Jur 2d, Judgments §§ 415-429.**

### 2. Limitations, Repose, and Laches § 48 (NCI4th)— continuing antitrust violations—action not barred by statute of limitations

Plaintiff's complaint in an antitrust action was not barred by the four-year statute of limitations of N.C.G.S. § 75-16.2, since plaintiff alleged that defendants engaged in continuous violations of Chapter 75; under N.C.G.S. § 75-8 each subsequent violation was a separate offense for the purpose of the statute of limitations; and plaintiff would thus be barred only from recovering for any injuries sustained before 26 May 1989, four years before the complaint was filed.

**Am Jur 2d, Monopolies, Restraints of Trade, and Unfair Trade Practices § 713.**

**Time when cause of action accrues for civil action under state antitrust, monopoly, or restraint of trade statutes. 90 ALR4th 1102.**

Appeal by plaintiff from order entered 9 November 1993 by Judge Melzer A. Morgan, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 5 April 1995.

*Smith, Follin & James, by Norman B. Smith and Marion G. Follin, III, for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, by Roddey M. Ligon, Jr. and M. Elizabeth Gee, for defendants-appellees.*

*Smith, Helms, Mulliss & Moore, by Larry B. Sitton, for defendant-appellee The Moses H. Cone Memorial Hospital.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Jeffrey E. Oleynik, for defendant-appellee Wesley Long Community Hospital.*

WYNN, Judge.

Plaintiff Medicare Rentals, Inc. provides home medical services and equipment such as wheelchairs, hospital beds and walkers. Defendant Advanced Services is a joint venture formed in 1986 by defendants The Moses Cone Memorial Hospital, Wesley Long Community Hospital, and High Point Regional Hospital to provide home health equipment and supplies.

In 1987, plaintiff filed a petition for reorganization under Chapter 11 of the United States Bankruptcy Code. Plaintiff's president, Frederick Tolin, informed the company's creditors of the reasons the company filed for bankruptcy in a letter which stated:

In the years before the bankruptcy the Company grew rapidly, primarily by acquiring other similar companies. The problems of the company arose as a result of a large amount of debt incurred in the acquisition of other companies, the loss of management control by myself, and major changes in Medicare billing requirements.

In 1990, the Bankruptcy Court entered a final decree which released plaintiff from bankruptcy.

In 1989, while plaintiff was still in bankruptcy proceedings, Mr. Tolin wrote a letter to defendant The Moses Cone Memorial Hospital asking it to open up the referral process for discharged patients who needed home health care equipment. The hospital responded that it provided its patients with a list of firms that provided home health care services.

Plaintiff filed its complaint against defendants on 26 May 1993 which alleged six causes of action; (1) conspiracy in restraint of

trade, (2) conspiracy to monopolize, (3) monopoly, (4) attempted monopoly, (5) using monopoly power to gain an unfair advantage, and (6) unfair methods of competition and unfair acts and practices affecting commerce. Defendants filed a motion to dismiss under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) on the grounds of judicial estoppel and that the action was barred by the statute of limitations. The parties submitted additional materials regarding the issue of judicial estoppel and the trial court converted that motion to a motion for summary judgment. The trial court granted defendants' motion for summary judgment on the grounds of judicial estoppel and denied their motion to dismiss on the grounds that the statute of limitations had expired. From this order granting summary judgment, plaintiff appeals. Defendants cross-assign as error the denial of their motion to dismiss on the grounds that the statute of limitations had expired.

I.

[1] Plaintiff argues that the trial court erred by granting defendants' motion for summary judgment on the grounds of judicial estoppel. We agree.

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990). The moving party assumes the burden of clearly showing absence of any genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *James v. Clark*, 118 N.C. App. 178, 454 S.E.2d 826 (1995), *disc. rev. denied*, 458 S.E.2d 187 (1995).

Judicial estoppel, or preclusion against inconsistent positions, is an equitable doctrine designed to protect the integrity of the courts and the judicial process. *Guinness PLC v. Ward*, 955 F.2d 875, 899 (4th Cir. 1992). Judicial estoppel forbids a party from asserting a legal position inconsistent with one taken earlier in the same or related litigation. *Virginia Sprinkler Co. v. Local Union 669 V.A., AFL-CIO*, 868 F.2d 116 (4th Cir. 1989). The doctrine prevents the use of "intentional self-contradiction . . . as a means of obtaining unfair advantage in a forum provided for suitors seeking justice." *Scarano v. Central R. Co.*, 203 F.2d 510, 513 (3d Cir. 1953).

The purpose of judicial estoppel is to prevent litigants from playing "fast and loose" with the courts and deliberately changing posi-

tions according to the exigencies of the moment. *United States v. McCaskey*, 9 F.3d 368 (5th Cir. 1993), *cert. denied* 114 S.Ct. 1565 (1994); *Allen v. Zurich Ins. Co.*, 667 F.2d 1162 (4th Cir. 1982). Courts are divided as to whether the party asserting the doctrine must have relied on the opposing party's previous assertion or suffer some other prejudice. *Compare Jackson Jordan, Inc. v. Plasser American Corp.*, 747 F.2d 1567, 1580 (Fed. Cir. 1984) ("[W]e see no justification for wholly dispensing with reliance and prejudice as minimum requirements under the doctrine of preclusion of inconsistent positions.") *with Tenneco Chemicals v. William T. Burnett & Co.*, 691 F.2d 658, 665 (4th Cir. 1982) ("Reliance is . . . not the linchpin to application of judicial estoppel; rather the determinative factor is whether the appellant intentionally misled the court to gain an unfair advantage."); *see generally*, Douglas W. Henkin, Comment *Judicial Estoppel—Beating Shields Into Swords and Back Again*, 80 U. Pa. L. Rev. 1711 (1991); Rand G. Boyers, Comment, *Precluding Inconsistent Statements: The Doctrine of Judicial Estoppel*, 80 N.W. U. L. Rev. 1244 (1987).

In the instant case, defendants argue that plaintiff's antitrust claims are barred by judicial estoppel because plaintiff did not disclose these claims during its bankruptcy proceedings. Section 1125 of the Bankruptcy Code requires the debtor in a Chapter 11 reorganization to file a disclosure statement providing "adequate information" in which a hypothetical investor could make an informed judgment about the proposed reorganization plan. 11 U.S.C. § 1125. Under this disclosure requirement, the debtor must disclose any litigation likely to arise in a non-bankruptcy context. *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414 (3d Cir. 1988). A debtor who fails to disclose potential litigation in the bankruptcy proceeding is estopped from subsequently pursuing the claims. *Id.* at 419.

In the present case, however, there is no evidence that plaintiff was aware of any potential antitrust claims against defendants while it was undergoing bankruptcy reorganization from 1987 to 1990. Mr. Tolin, plaintiff's president, states in an affidavit that "[I] was not aware that Medicare Rentals, Inc. had any claims for damages which could be made against . . . [defendants] until I read about a similar case in Venice, Florida sometime in 1991." Defendants contend, however, that plaintiff, through Mr. Tolin, had sufficient knowledge of the facts surrounding its antitrust action when it was in bankruptcy and failed to properly investigate and disclose these facts in its bankruptcy proceedings.

Judicial estoppel is a harsh doctrine and requires at a minimum that the party against whom the doctrine is asserted intentionally have changed its position in order to gain an advantage. *Allen*, 667 F.2d at 1167; *see Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1428 (7th Cir. 1993) ("Judicial estoppel is strong medicine, and this has led courts and commentators to characterize the grounds for its invocation in terms redolent of intentional wrongdoing."). In the present case, there is no evidence in the record that plaintiff intentionally misled the bankruptcy court regarding the possibility of an antitrust action against defendants. Since there is no evidence that plaintiff was playing "fast and loose" with the courts, the trial court erred by granting summary judgment for defendants on the grounds of judicial estoppel and this order is reversed.

## II.

**[2]** Defendants cross-assign as error the trial court's denial of their motion to dismiss plaintiff's complaint on the grounds that the statute of limitations had expired. We find that plaintiff's complaint is not barred by the statute of limitations.

"A statute of limitations or repose defense may be raised by way of a motion to dismiss if it appears on the face of the complaint that such statute bars the claim." *Hargett v. Holland*, 337 N.C. 651, 447 S.E.2d 784 (1994), *disc. rev. denied*, 338 N.C. 672, 453 S.E.2d 177 (1994); *Fleet Real Estate Funding Corp. v. Blackwelder*, 83 N.C. App. 27, 348 S.E.2d 611 (1986), *dis. rev. denied*, 319 N.C. 104, 353 S.E.2d 109 (1987). The applicable statute of limitations for violations of Chapter 75 is N.C. Gen. Stat. § 75-16.2 which provides in pertinent part: "Any civil action brought under this Chapter to enforce the provisions thereof shall be barred unless commenced within four years after the cause of action accrues." N.C. Gen. Stat. § 75-16.2 (1988). In addition, N.C. Gen. Stat. § 75-8 (1988) provides:

> Where the things prohibited in this Chapter are continuous, then in such event, after the first violation of any of the provisions hereof, each week that the violation of such provisions shall continue shall be a separate offense.

N.C. Gen. Stat. § 75-8 (1988).

In the instant case, plaintiff filed its complaint on 26 May 1993 and is thus barred by N.C. Gen. Stat. § 75-16.2 from recovering for any injuries sustained before 26 May 1989. Plaintiff's complaint, however, alleges that defendants engaged in continuous violations of Chapter

75. Under section 75-8, each subsequent violation is a separate offense for the purpose of the statute of limitations. Therefore, we conclude that plaintiff's complaint does not, on its face, disclose that it is barred by the statute of limitations. Accordingly, the trial court properly denied defendants' motion to dismiss.

For the foregoing reasons, the trial court's order is

Reversed in part, affirmed in part, and remanded.

Chief Judge ARNOLD and Judge JOHN concur.