DARLENE PRICE (NERCESSIAN) v. MARK ASTOR PRICE

No. COA04-393

(Filed 15 March 2005)

**Estoppel— judicial estoppel—inconsistent legal contentions on child support**

The doctrine of judicial estoppel precluded defendant father from challenging the service of process of the civil summons and complaint in the mother's action for divorce from bed and board and child support, and thus, the trial court's denial of defendant's motion to dismiss the child support complaint based on insufficient service of process is affirmed because: (1) the equitable doctrine of judicial estoppel prevents the use of intentional self-contradiction as a means of obtaining unfair advantage in a forum provided for suitors seeking justice; (2) defendant's legal contention in the State of Washington that the March 1994 child support order entered in Guilford County was conclusive on the issue of support, and his legal argument in North Carolina that the case should be dismissed and the child support order vacated based on improper service, are inconsistent legal contentions; and (3) defendant did not seek a ruling from the court until after his children had reached the age of majority, and a ruling in

defendant's favor would prejudice plaintiff as she would be precluded from seeking arrears or child support as the children had reached the age of majority.

Appeal by defendant from orders entered 16 September 2002 and 7 January 2003 by Judges H. Thomas Jarrell, Jr. and Patrice Hinnant, respectively, in Guilford County District Court. Heard in the Court of Appeals 3 November 2004.

*Guilford County Attorney's Office, by Deputy County Attorney Michael K. Newby, for plaintiff-appellee.*

*Tate Law Offices, by C. Richard Tate, Jr., for defendant-appellant.*

HUNTER, Judge.

Mark Astor Price ("defendant") challenges the trial court's denial of his motion to dismiss plaintiff's complaint seeking, *inter alia,* child support. Defendant contends the trial court lacked personal jurisdiction to enter the child support order because the civil summons and complaint were not properly served. Therefore, defendant contends the trial court's 11 December 2002 order determining defendant owed $187,680.30 in child support arrears and ordering defendant to pay the arrears in monthly installments of $1,904.00 should be vacated. After careful consideration, we conclude defendant was barred by the doctrine of judicial estoppel from challenging the sufficiency of service of process.

Darlene Price ("plaintiff") and defendant were married on 15 February 1981, and had two children born in 1982 and 1984. The parties separated in July 1993, and plaintiff filed for a divorce from bed and board in October 1993. She also sought custody of the children, child support, alimony, and possession of the marital home and other marital property. A civil summons was issued on 5 October 1993, but the return of service, dated 9 November 1993, indicates a sheriff's deputy was unable to serve defendant. A notation on the return of service, dated 10 November 1993, states "plaintiff advised def[endan]t now living on Hwy 26 Orangeburg, South Carolina." According to an affidavit of service, an Orangeburg, South Carolina deputy sheriff served defendant on 17 November 1993 by delivering a copy of the civil summons to defendant's fiancé, "a person of discretion residing at the defendant's residence[] and leaving with her one copy of same at 301 Truckstop . . . ."

After a February 1994 hearing, the trial court entered an order on 29 March 1994 indicating defendant had been properly served as evidenced by a sheriff's affidavit of service from the Orangeburg, South Carolina Sheriff's Department. In this order, the trial court granted plaintiff a divorce from bed and board, and *inter alia*, ordered defendant to pay $1,904.46 per month in child support. After defendant failed to pay child support the following month, an order to show cause was issued requiring defendant to appear in court on 1 July 1994. According to the return of service, the order to show cause was served on 9 May 1994 by leaving a copy of the order at a residence located at 2713 Lafayette Street in Guilford County, which was purportedly defendant's usual place of abode. The order was left with defendant's friend living at the residence. After defendant failed to appear at the show cause hearing, an order for arrest was issued. The return of service on the order for arrest, dated 21 September 1994, indicates defendant was not served because he did not live at the 2713 Lafayette Street address.

On 4 May 1995, a motion and notice of hearing for modification of child support order was filed by the assistant county attorney. According to the motion, defendant's residence was in Fossil, Oregon, and defendant was served via U.S. mail. After defendant failed to appear at another show cause hearing, an order for arrest was issued, which indicated defendant's address was at his place of business in Archdale, North Carolina. The order for arrest was not served, and the 2 August 1995 return of service indicated defendant had not worked at the address for over a year. Thereafter, on 3 October 1995, the trial court authorized the withholding of defendant's wages in the order modifying child support.

The next year, plaintiff's attorney filed a motion for contempt on 1 May 1996, as defendant had failed to make any child support payments. A copy of the motion and notice for hearing was sent to defendant at his residence in Seattle, Washington, via certified mail. After receiving the motion and hearing notice, defendant moved to dismiss on 27 June 1996 for lack of personal jurisdiction. According to defendant's affidavit, he contended he had never lived at 301 Truck Stop in Orangeburg, South Carolina, that there was no residence or dwelling house at that location, and that he had never received any papers or documents relating to this matter. The trial court did not rule upon these motions until 2002.

Prior to filing his motion to dismiss, defendant filed an amended petition for dissolution of marriage on 8 April 1996 in the State of

Washington. In the petition, defendant acknowledges the existence of the 29 March 1994 order entered in Guilford County, North Carolina, and states "[t]he effect of this order is conclusive" on the issue of child support.

In September 2002, the child support order was terminated as the two children had reached the age of majority and were no longer in primary or secondary school. On 12 November 2002, another motion to show cause was filed by plaintiff's counsel, and on 18 November 2002, defendant filed another motion to dismiss. In an 11 December 2002 order, the trial court determined defendant's arrears were $187,680.30 and ordered defendant to pay $1,904.00 per month until the arrears were paid in full. Defendant's motion to dismiss filed on 27 June 1996 was denied in a 7 January 2003 order. Defendant then filed a notice of appeal to this Court from the 16 September 2002 and 7 January 2003 orders.

Defendant contends the trial court should have granted his motion to dismiss for insufficiency of service of process, and that the trial court should have vacated the 1994 child support order and all subsequent orders based upon the initial child support order, including the 11 December 2002 order ordering defendant to pay $187,680.30 in arrears. We do not reach the issue of whether there was sufficient service of process because defendant's arguments are barred by judicial estoppel.

> In Whitacre P'ship[ v. Biosignia, Inc., 358 N.C. 1, 28, 591 S.E.2d 870, 888 (2004)], the North Carolina Supreme Court adopted the test for judicial estoppel set forth by the United States Supreme Court in New Hampshire v. Maine, 532 U.S. 742, 149 L. Ed. 2d 968, reh'g denied, 533 U.S. 968, 150 L. Ed. 2d 793 (2001). Id. While noting that "the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle," [i]d. (citation omitted), the Court identified three factors used to determine if the doctrine should apply. Id.

> The first factor, and the only factor that is an essential element which must be present for judicial estoppel to apply, id. at 28 n.7, 591 S.E.2d at 888 n.7, is that a "party's subsequent position 'must be clearly inconsistent with its earlier position.' " Id. at 29, 591 S.E.2d 888 (internal citations omitted). Second, the court should "inquire whether the party has succeeded in persuading a court to accept that party's earlier position." Id. at 29, 591 S.E.2d

at 889. Third, the court should inquire "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* (citation omitted). Judicial estoppel is an "equitable doctrine invoked by a court at its discretion." *Id.* (citation omitted).

*Wiley v. United Parcel Serv., Inc.,* 164 N.C. App. 183, 188, 594 S.E.2d 809, 812 (2004); *see also Whitacre P'ship v. Biosignia, Inc.,* 358 N.C. at 28, 591 S.E.2d at 888.

"Judicial estoppel, or preclusion against inconsistent positions, is an equitable doctrine designed to protect the integrity of the courts and the judicial process. . . . [It] is to prevent litigants from playing 'fast and loose' with the courts and deliberately changing positions according to the exigencies of the moment." *Medicare Rentals, Inc. v. Advanced Services,* 119 N.C. App. 767, 769-70, 460 S.E.2d 361, 363 (1995). Thus, "[j]udicial estoppel forbids a party from asserting a legal position inconsistent with one taken earlier in the same or related litigation. The doctrine prevents the use of 'intentional self-contradiction . . . as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.' " *Id.* at 769, 460 S.E.2d at 363 (citations omitted).

In April 1996, defendant filed a petition for dissolution of marriage in the State of Washington, and in the petition, defendant stated:

On March 25, 1994 an order was entered in the General Court of Justice, District Court Division of Guilford County, North Carolina concerning the marriage of Petitioner and Respondent. . . . As the Plaintiff, Darlene Elizabeth Price was granted a "Divorce from Bed and Board" which provided for child support, custody, maintenance, division and possession of property, attorney fees, and wage withholding. The effect of this order is conclusive on the above issues, but the order does not grant a divorce to the parties. The Petitioner here, Mark Astor Price, therefore seeks a Decree of Dissolution from the above-entitled court.

According to the law of the State of Washington:

In entering a decree of dissolution of marriage . . . , the court shall determine the marital status of the parties, make provision for a parenting plan for any minor child of the marriage, *make*

*provision for the support of any child of the marriage entitled to support . . . .*

Wash. Rev. Code § 26.09.050 (1996) (emphasis added). Therefore, in a petition for dissolution of marriage, the petitioner must allege the names and ages of any dependent child and any arrangements for support of the children. Wash. Rev. Code § 26.09.020 (1996). As defendant stated in his petition for dissolution of marriage in the State of Washington that a conclusive order had been entered in North Carolina resolving the issue of child support, the courts in the State of Washington were led to believe that there were no issues regarding child support to be resolved.

After defendant filed his petition for dissolution of marriage, plaintiff filed a motion for contempt in North Carolina on 1 May 1996 based upon defendant's failure to pay, *inter alia,* child support. Upon being served with the motion for contempt, defendant moved to dismiss based upon insufficient service of process. In his supporting affidavit, defendant stated that he had never lived at 301 Truck Stop in Orangeburg, South Carolina, and had never been served in this matter. Defendant's motion to dismiss was not heard until November 2002, after his children had reached the age of majority and plaintiff was no longer entitled to child support.

Defendant's legal contention in the State of Washington that the March 1994 order entered in Guilford County was conclusive on the issue of child support, and his legal argument in North Carolina that the case should be dismissed and the child support order vacated because service was improper are inconsistent legal contentions. By stating the 1994 order was conclusive in his Washington petition for dissolution of marriage, defendant led the Washington courts to believe the child support issue had been properly resolved. Then, defendant presented an inconsistent legal contention in North Carolina by challenging the child support order by arguing service of process was improper. After the motion, defendant did not seek a ruling from the court until after his children had reached the age of majority. A ruling in defendant's favor would prejudice plaintiff as she would be precluded from seeking arrears or child support as the children had reached the age of majority.

As previously stated, the doctrine of judicial estoppel "prevents the use of 'intentional self-contradiction . . . as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.' " *Medicare Rentals,* 119 N.C. App. at 769, 460 S.E.2d at

363. In our discretion, we invoke the doctrine of judicial estoppel and preclude defendant from challenging the service of process of the civil summons and complaint for divorce from bed and board. *See Whitacre P'ship*, 358 N.C. at 38, 591 S.E.2d at 894-95 (quoting *New Hampshire v. Maine*, 532 U.S. at 750, 149 L. Ed. 2d at 977-78 (citation omitted), which states "judicial estoppel 'is an equitable doctrine invoked by a court at its discretion' "). Accordingly, we affirm the trial court's denial of defendant's motion to dismiss for insufficient service of process.

Affirmed.

Judges CALABRIA and LEVINSON concur.