LAZONA GALE SPEARS, Employee, Plaintiff v. BETSY JOHNSON MEMORIAL HOS-
PITAL, Employer, N.C. GUARANTY ASSOCIATION, Successor to RELIANCE
INSURANCE COMPANY, Carrier, Defendants

No. COA10-580

(Filed: 5 April 2011)

## 1. Workers' Compensation— commissioners—qualified to sit on Full Commission—neither adjudicated claim in the first instance

Two commissioners who participated in the Full Industrial Commission's decision to affirm the deputy commissioner's initial decision in plaintiff's workers' compensation case were qualified to sit on the Full Commission in the present case. Neither commissioner adjudicated plaintiff's claim "in the first instance" under N.C.G.S. § 97-84.

## 2. Workers' Compensation— denial of motion to set aside prior decision—failed to raise issue—denial proper

The Industrial Commission did not abuse its discretion in denying plaintiff's motion to set aside its prior decision based on allegations that defendants committed fraud on the Commission. Plaintiff had the opportunity in the prior proceedings to raise her concerns, and failed to do so.

## 3. Collateral Estoppel and Res Judicata— workers' compensation—prior opinion and award—issue decided—final decision

The Industrial Commission did not err in concluding that the doctrine of *res judicata* precluded plaintiff from claiming that certain medical conditions were related to her 4 January accident. Plaintiff failed to appeal the Commission's determination in its prior opinion and award that certain medical conditions were not related to the 4 January accident, and that decision became final.

## 4. Workers' Compensation— claim for modification of prior award—properly denied

The Industrial Commission properly denied plaintiff's claim for modification of her prior award. The Commission's conclusion that plaintiff did not satisfy her burden of proving a change of condition under N.C.G.S. § 97-47 was supported by the Commission's findings and the evidence upon which they were based.

**SPEARS v. BETSY JOHNSON MEM'L HOSP.**

[210 N.C. App. 716 (2011)]

Appeal by plaintiff from opinion and award entered 21 December 2009 by the North Carolina Industrial Commission. Heard in the Court of Appeals 17 November 2010.

*Lazona Gale Spears, pro se, plaintiff-appellant.*

*Young Moore and Henderson P.A., by Jeffrey T. Linder and Julia E. Dixon, for defendants-appellees.*

HUNTER, Robert C., Judge.

In plaintiff Lazona Gale Spears' prior appeal, this Court affirmed the Industrial Commission's opinion and award in which it concluded that plaintiff had failed to establish that all of the medical conditions that she claimed were causally related to her compensable injury were, in fact, related to the injury. *See Spears v. Betsy Johnson Mem'l Hosp.*, 177 N.C. App. 148, 627 S.E.2d 684, 2006 N.C. App. LEXIS 2600, 2006 WL 851795 (2006) (unpublished). Plaintiff subsequently filed with the Commission (1) a motion to set aside its prior decision, alleging that defendant-employer Betsy Johnson Memorial Hospital and defendant-carrier N.C. Guaranty Association committed fraud on the Commission in order to obtain a favorable outcome in the prior matter, and (2) a motion to modify the prior award based on a change of condition. After careful review, we affirm the Commission's decision denying her motion to set aside its prior decision and concluding that plaintiff failed to establish a change of condition warranting modification of her award.

Factual and Procedural History

The underlying facts regarding plaintiff's injury and treatment are set out in greater detail in this Court's prior opinion in this case. *See id.* at *5-9, 2006 WL 851795 at *2-4. Pertinent to this appeal, on 4 January 2000, plaintiff, who was a registered nurse at the time, was working as the Health and Infection Control Coordinator at the Hospital. On that date, plaintiff was involved in a physical altercation with a coworker and sustained an admittedly compensable injury when the coworker forcibly pushed her as she was standing up from her chair. On 19 February 2001, plaintiff was terminated for poor work performance unrelated to her compensable injury.

Plaintiff's claim was originally heard by Deputy Commissioner Philip A. Baddour, III on 19 August 2002, and at the time of the hearing, plaintiff had treated with her family physician, Dr. Linda Robinson, neurologist Dr. Nailesh Dave, neurologist Dr. Pamela

Whitney, and Dr. Robert C. Jacobson. The following medical conditions were discussed in the medical records and testimony in the evidentiary record before Deputy Commissioner Baddour: hypertension, nerve palsy, Bell's palsy, peripheral neuropathy, reflex sympathetic dystrophy ("RSD"), facial nerve palsy/neuropathy, chronic pain, myofascial pain syndrome, depression, facial weakness, eyelid drooping (ptosis), chronic myalgia/myositis, cervical brachial syndrome, and problems with concentration, imbalance, speech, swallowing, and stress. Deputy Commissioner Baddour issued his opinion and award on 29 August 2003, finding that plaintiff's neck pain and headaches, which were diagnosed as occipital neuralgia, were causally related to her 4 January 2000 injury, but that plaintiff's "other medical conditions" were not related to the injury. Deputy Commissioner Baddour concluded that (1) plaintiff was entitled to temporary total disability compensation for work that she missed prior to her termination; (2) plaintiff failed to establish that she was totally disabled after her termination; and (3) defendants were responsible for paying for medical treatment for plaintiff's "headache and neck pain conditions."

Plaintiff appealed to the Full Commission, which, in an opinion and awarded entered 14 February 2005, affirmed with minor modifications Deputy Commissioner Baddour's award. While the Commission quoted most of Deputy Commissioner Baddour's findings of fact "verbatim," it made the additional finding that plaintiff, despite her compensable headaches and neck pain, had wage-earning capacity as she was capable of sedentary work. Plaintiff appealed the Commission's 14 February 2005 decision to this Court. In an unpublished opinion filed 4 April 2006, this Court affirmed the Commission's decision, noting that plaintiff had failed to assign error to any of the Commission's findings of fact and that these uncontested findings were sufficient to support the Commission's conclusions of law. *Id.* at *11, 2006 WL 851795 at *4. That decision was not appealed to the Supreme Court.

On 9 February 2007, plaintiff, proceeding *pro se*, filed a Form 33, requesting (1) a hearing on issues concerning her 4 January 2000 injury; (2) setting aside the Full Commission's 2005 decision; and (3) entering default judgment against defendants. Defendants moved to dismiss plaintiff's Form 33, and after conducting a hearing on 23 August 2007, Deputy Commissioner Ronnie E. Rowell entered an opinion and award on 22 January 2008, in which he determined that plaintiff's Form 33 should be treated as a motion for modification of her prior award based on a change of condition and that plaintiff's

claim was not time-barred. Accordingly, Deputy Commissioner Rowell denied defendants' motion to dismiss. Deputy Commissioner Rowell additionally found that defendants, after the expiration of the period for appealing from this Court's prior decision, had failed to pay plaintiff the temporary total disability compensation ordered by the Full Commission. Consequently, Deputy Commissioner Rowell ordered defendants to make a lump sum payment to plaintiff plus a 10% late payment penalty. He also ordered defendants to pay for all of plaintiff's medical expenses incurred as a result of her compensable 4 January 2000 injury.

After a hearing on 23 April 2008, Deputy Commissioner Robert J. Harris entered an opinion and award on 21 April 2009, in which he denied plaintiff's motion to set aside the Commission's 2005 decision, her motion for default judgment, and her claim for change in condition. After Deputy Commissioner Harris denied plaintiff's motion for reconsideration, plaintiff appealed to the Full Commission. In an opinion and award entered 21 December 2009, the Commission affirmed, with minor modifications, Deputy Commissioner Harris' decision. Plaintiff subsequently filed a motion for reconsideration, which was denied by order entered 30 March 2010. Plaintiff timely appealed to this Court.

I

[1] Plaintiff first argues that the Workers' Compensation Act "does not allow Commissioners who heard the case before to hear it again." Because Commissioners Laura K. Mavretic and Christopher Scott participated in the 14 February 2005 decision, plaintiff contends that they were "not qualified to sit on the Full Commission in this case." As a threshold matter, we note that plaintiff failed to preserve this contention for appellate review by not raising the issue before the Industrial Commission. See *Poe v. Raleigh/Durham Airport Authority*, 121 N.C. App. 117, 126, 464 S.E.2d 689, 694 (1995) ("Notably, plaintiff poses this collateral attack for the first time on appeal; plaintiff failed to raise any objection to the panel's composition at the Full Commission level.").

In any event, issues involving statutory interpretation "are questions of law, which are reviewed *de novo* by an appellate court." *In re Proposed Assessments v. Jefferson-Pilot Life Ins. Co.*, 161 N.C. App. 558, 559, 589 S.E.2d 179, 180 (2003). Plaintiff misconstrues the provisions of the Workers' Compensation Act setting out the procedures

for the initial adjudication of a workers' compensation claim and the procedures regarding the Full Commission's review of that decision. N.C. Gen. Stat. § 97-84 (2009), titled "Determination of disputes by Commission or deputy," provides:

> The Commission or any of its members shall hear the parties at issue and their representatives and witnesses, and shall determine the dispute in a summary manner. The award, together with a statement of the findings of fact, rulings of law, and other matters pertinent to the questions at issue shall be filed with the record of the proceedings, within 180 days of the close of the hearing record unless time is extended for good cause by the Commission, and a copy of the award shall immediately be sent to the parties in dispute. The parties may be heard by a deputy, in which event the hearing shall be conducted in the same way and manner prescribed for hearings which are conducted by a member of the Industrial Commission, and said deputy shall proceed to a complete determination of the matters in dispute, file his written opinion within 180 days of the close of the hearing record unless time is extended for good cause by the Commission, and the deputy shall cause to be issued an award pursuant to such determination.

N.C. Gen. Stat. § 97-85 (2009), in turn, addresses the Full Commission's "[r]eview" of the initial award:

> If application is made to the Commission within 15 days from the date when notice of the award shall have been given, the full Commission shall review the award, and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and, if proper, amend the award: Provided, however, *when application is made for review of an award, and such an award has been heard and determined by a commissioner of the North Carolina Industrial Commission, the commissioner who heard and determined the dispute in the first instance, as specified by G.S. 97-84, shall be disqualified from sitting with the full Commission on the review of such award*, and the chairman of the Industrial Commission shall designate a deputy commissioner to take such commissioner's place in the review of the particular award. The deputy commissioner so designated, along with the two other commissioners, shall compose the full Commission upon review. . . .

(Emphasis added.) Read *in pari materia*, the two provisions establish that when, pursuant to N.C. Gen. Stat. § 97-84, a member of the Full Commission "hear[s] and determine[s] the dispute in the first instance," that commissioner is disqualified from participating in the Full Commission's review of the initial decision. Thus, contrary to plaintiff's contention, N.C. Gen. Stat. § 97-85 merely provides that the initial fact-finder does not participate in the review of those factual determinations. As neither Commissioner Mavretic nor Commissioner Scott adjudicated plaintiff's claim "in the first instance" under N.C. Gen. Stat. § 97-84, they are not disqualified pursuant to N.C. Gen. Stat. § 97-85 from sitting on the Full Commission's review of the deputy commissioner's decision. Plaintiff's argument is overruled.

II

**[2]** Plaintiff next claims that defendants committed fraud on the Commission in order to obtain a favorable outcome with respect to the Commission's 14 February 2005 opinion and award. Thus, plaintiff contends, the Commission should have granted her motion to set aside that decision.

Although both plaintiff and defendants base their arguments on the assumption that Rule 60(b) of the Rules of Civil Procedure authorizes plaintiff's motion to set aside the Commission's decision, "[t]he Rules of Civil Procedure are not strictly applicable to proceedings under the Workers' Compensation Act . . . ." *Hogan v. Cone Mills Corp.*, 315 N.C. 127, 137, 337 S.E.2d 477, 483 (1985). The Industrial Commission nevertheless has the "inherent power, analogous to that conferred on courts by Rule 60(b)(6), in the exercise of supervision over its own judgments to set aside a former judgment when the paramount interest in achieving a just and proper determination of a claim requires it[.]" *Id.* at 129, 337 S.E.2d at 478. The denial of a motion to set aside a prior judgment procured by "fraud on the court" is reviewed for abuse of discretion. *Purcell Int'l Textile Grp., Inc. v. Algemene AFW N.V.*, 185 N.C. App. 135, 138, 647 S.E.2d 667, 670 (reviewing denial of Rule 60(b)(6) motion for relief from judgment allegedly procured by "fraud on the court" for abuse of discretion), *disc. review denied*, 362 N.C. 88, 655 S.E.2d 840 (2007). The Commission may be reversed for abuse of discretion only upon a showing that its ruling is "manifestly unsupported by reason" or "so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

As the First Circuit has explained, a "fraud on the court" or tribunal

occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense.

*Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989).

Here, plaintiff premises her motion for relief on allegations that defendants "tamper[ed]" with or removed evidence from the record developed before Deputy Commissioner Baddour, made "intentional misrepresentations" of fact during the proceedings, and "collu[ded]" with Deputy Commissioner Baddour to "write a false story." Plaintiff fails to explain, however, why she did not raise these extremely serious concerns on appeal to the Full Commission during the 2002-05 proceedings or on appeal to this Court in 2006. *See M.W. Zack Metal Co. v. International Nav. Corp. of Monrovia*, 675 F.2d 525, 529 (2d Cir.) (holding plaintiff could not seek relief from judgments based on "fraud allegedly perpetrated on . . . various courts" where plaintiff "had an opportunity to raise these fraud claims in the courts in which they occurred"), *cert. denied*, 459 U.S. 1037, 74 L. Ed. 2d 604 (1982). As plaintiff had the opportunity in the prior proceedings to present her concerns, and failed to do so, the Commission did not abuse its discretion in denying her motion to set aside its prior decision.

### III

**[3]** Plaintiff next contends that the Commission erred in concluding that because she failed to appeal the Commission's determination in its 2005 opinion and award that certain medical conditions were not related to the 4 January 2000 accident, that decision became final, and the doctrine of *res judicata* precludes plaintiff from now claiming that those conditions are related to the incident. Specifically, the Commission concluded that "[p]laintiff is barred by the doctrine of *res judicata* from now claiming that the following conditions are compensable: myofascial pain syndrome, chronic myalgia/myositis, cervical brachial syndrome, facial pain/weakness, eyelid drooping (ptosis), nerve palsies, Bell's palsy, peripheral neuropathy, depression, concentration issues and RSD in her face and right upper extremity." We note that plaintiff fails to cite any authority supportive of her contention that the Commission "misappl[ied]" the doctrine of

*res judicata,* but, rather, simply points to evidence that she claims shows that the various medical conditions are, in fact, related to the 4 January 2000 accident.

It is well-established that "[t]he doctrine of *res judicata* precludes relitigation of final orders of the Full Commission and orders of a deputy commissioner which have not been appealed to the Full Commission." *Bryant v. Weyerhaeuser Co.,* 130 N.C. App. 135, 138, 502 S.E.2d 58, 61, *disc. review denied,* 349 N.C. 228, 515 S.E.2d 700 (1998). The essential elements of *res judicata* are: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in the prior suit and the current suit; and (3) an identity of parties or their privies in both suits. *Hogan,* 315 N.C. at 135, 337 S.E.2d at 482. Whether the doctrine of *res judicata* operates to bar a cause of action is a question of law reviewed de novo on appeal. *Bluebird Corp. v. Aubin,* 188 N.C. App. 671, 679, 657 S.E.2d 55, 62, *disc. review denied,* 362 N.C. 679, 669 S.E.2d 741 (2008).

Here, it is undisputed that both workers' compensation actions involve the same parties and that the Commission's 2005 decision became a final award when plaintiff failed to appeal this Court's decision affirming the Commission's opinion and award. With respect to the second element, the parties' pre-trial agreement provided that "the issues for determination at the hearing" before Deputy Commissioner Baddour 'included "whether plaintiff's various medical conditions are causally related to [the 4 January 2000] accident[.]" Deputy Commissioner Baddour and, on review, the Full Commission determined that, while plaintiff had established that her "headaches, diagnosed as occipital neuralgia, and neck pain are causally related to her accident at work on January 4, 2000[,]" she had "failed to establish . . . that her other medical conditions are causally related to her accident at work on January 4, 2000."

The evidentiary record before Deputy Commissioner Baddour and the Commission shows that the "other medical conditions" addressed in medical records and testimony were: hypertension, nerve palsy, Bell's palsy, peripheral neuropathy, RSD, facial nerve palsy/neuropathy, chronic pain, myofascial pain syndrome, depression, facial weakness, eyelid drooping (ptosis), chronic myalgia/myositis, cervical brachial syndrome, and problems with concentration, imbalance, speech, swallowing, and stress. As these conditions were previously ruled to be unrelated to plaintiff's accident, and plaintiff did not appeal that determination, it became final and now

bars plaintiff from claiming that they are related to the 4 January 2000 accident.

## IV

**[4]** Plaintiff also argues that the Commission erroneously concluded that she had not met her burden of "show[ing] that she has suffered a change of condition" entitling her to modification of her prior award. Our review of plaintiff's contention is frustrated by her failure to adequately brief the issue. Significantly, plaintiff fails to cite to, much less discuss, N.C. Gen. Stat. § 97-47 (2009), the statute providing the Industrial Commission with the authority to review and modify prior awards "on the grounds of a change in condition." Nor does plaintiff set out, through the citation of relevant caselaw, the general principles of law regarding what constitutes a "change in condition" warranting modification under N.C. Gen. Stat. § 97-47 and how such a change in condition may be established. Moreover, despite abundant caselaw on the issue, plaintiff does not point to a single appellate decision finding a change of condition based on evidence similar to the evidence produced in this case. In short, plaintiff simply points to the evidence that she contends supports her claim, without any meaningful application of the law to the evidence. In any event, we conclude that the Commission's conclusion that plaintiff did not satisfy her burden of proving a change of condition under N.C. Gen. Stat. § 97-47 is supported by the Commission's findings and the evidence upon which they are based. The Commission, therefore, properly denied plaintiff's claim for modification of her prior award.

## V

In her brief, plaintiff presents additional arguments that are, frankly, difficult for this Court to follow. To the extent that we understand plaintiff's arguments, we have reviewed them and find them to be without merit. The Commission's opinion and award is affirmed.

Affirmed.

Judges CALABRIA and ELMORE concur.