USConnect, LLC v. Sprout Retail, Inc., 2017 NCBC 70.

STATE OF NORTH CAROLINA

GUILFORD COUNTY

USCONNECT, LLC,

        Plaintiff,

v.

SPROUT RETAIL, INC.,

        Defendant.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
17 CVS 2554

**ORDER AND OPINION
ON MOTION TO DISMISS**

1.     Pending before the Court is Defendant Sprout Retail, Inc.'s ("Sprout") motion to dismiss the amended complaint ("Motion").  Having considered the parties' filings, the Court **DENIES** the Motion.

> *Womble Carlyle Sandridge & Rice, LLP by Charles Burke and Stephen F. Shaw, for Plaintiff.*
>
> *Thomason Law Office by Charles L. Thomason, for Defendant.*

Conrad, Judge.

I.
BACKGROUND

2.     The Court has previously described the procedural and factual background of the case in its Order and Opinion filed on April 21, 2017.  (*See* ECF No. 42.)  The following summary contains only the background relevant to the pending motion to dismiss.

3.     Plaintiff USConnect, LLC filed this suit on January 5, 2017, claiming that Sprout has breached the parties' service agreement and is misappropriating USConnect's trade secrets.  Three days later, on January 8, 2017, Sprout responded

by filing a parallel action against USConnect in the United States District Court for the District of New Jersey. *See Sprout Retail, Inc. v. USConnect LLC*, No. 17-cv-00135 (PGS)(DEA) (D.N.J.).

4. On February 7, 2017, Sprout moved to dismiss the original complaint or in the alternative for a more definite statement as to USConnect's trade secrets. The Court's April 21 Opinion denied the motion to dismiss but granted the alternative request for a more definite statement. The Court ordered USConnect to amend its complaint within seven days for the purpose of clarifying its allegations as to confidential information and trade secrets.

5. During the pendency of the initial motion to dismiss, Sprout filed a motion for preliminary injunction in the related federal action. On April 10, 2017, the federal court (Hon. Peter G. Sheridan) granted Sprout's motion in part. The court's order, which is attached as Exhibit A to Sprout's Motion, held that "USConnect is enjoined from using Sprout's pre-coded payment cards issued . . . under the Services Agreement." (Mot. Dismiss, Ex. A 27, ECF No. 51.) The court denied Sprout's other requests for relief due to "disputed factual issues." (Mot. Dismiss, Ex. A 26.)

6. On April 28, 2017, USConnect timely filed its amended complaint in this action. USConnect asserts three claims for relief: declaratory judgment; breach of contract; and misappropriation of trade secrets.

7. Sprout filed the Motion on May 26, 2017. USConnect filed its opposition on June 19, 2017. Sprout did not file a reply brief, and the time for further briefing has passed. The Court elects to decide the Motion without a hearing. *See* BCR 7.4.

8. The Court, in deciding a motion under North Carolina Rule of Civil Procedure 12(b)(6), treats the well-pleaded allegations of the complaint as true, *Sutton v. Duke*, 277 N.C. 94, 98, 176 S.E.2d 161, 163 (1970), and views the facts in a light most favorable to the non-moving party. *Ford v. Peaches Entm't Corp.*, 83 N.C. App. 155, 156, 349 S.E.2d 82, 83 (1986). It is proper to dismiss a claim under Rule 12(b)(6) "when one of the following three conditions is satisfied: (1) when the complaint on its face reveals that no law supports plaintiff's claim; (2) when the complaint on its face reveals the absence of fact sufficient to make a good claim; (3) when some fact disclosed in the complaint necessarily defeats plaintiff's claim." *Jackson v. Bumgardner*, 318 N.C. 172, 175, 347 S.E.2d 743, 745 (1986).

III.
ANALYSIS

9. Sprout's Motion presents two arguments. The first is that USConnect's first and third claims should be dismissed on the ground of issue preclusion. The second argument is less clear but relies on principles of judicial estoppel and appears to relate to all three claims. Neither argument has merit.

A. Issue Preclusion

10. The doctrine of issue preclusion or collateral estoppel holds that "a final judgment on the merits prevents relitigation of issues actually litigated and necessary to the outcome of the prior action in a later suit involving a different cause of action between the parties or their privies." *Thomas M. McInnis & Assocs., Inc. v.*

*Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 557 (1986). The doctrine serves the "dual purpose of protecting litigants from the burden of relitigating previously decided matters and of promoting judicial economy by preventing needless litigation." *Id.* at 427, 349 S.E.2d at 556.

11. Sprout argues that the federal court's preliminary-injunction order bars USConnect's first and third claims under these principles. On that ground, Sprout seeks to dismiss the claims.

12. This argument fails for a simple reason. As USConnect correctly observes, the federal court's preliminary-injunction order is not a final judgment on the merits. (*See* Pl.'s Mem. in Resp. to Mot. Dismiss 3, ECF No. 69.) A preliminary injunction is by definition *preliminary*—its purpose is to preserve the status quo pending a trial on the merits. *See N.C. Farm P'ship v. Pig Improvement Co.*, 163 N.C. App. 318, 322, 593 S.E.2d 126, 129 (2004) (holding that a preliminary-injunction order "has no binding effect" for purposes of collateral estoppel). Accordingly, the Court denies the Motion as to claims one and three. *See Phillips & Jordan, Inc. v. Bostic*, 2012 NCBC LEXIS 36, at *13 (N.C. Super. Ct. June 1, 2012) (denying motion to dismiss on collateral-estoppel ground where "there was no final judgment on the merits" in a prior-related action).

## B. Judicial Estoppel

13. The doctrine of "judicial estoppel forbids a party from asserting a legal position inconsistent with one taken earlier in the same or related litigation." *Price v. Price*, 169 N.C. App. 187, 191, 609 S.E.2d 450, 452 (2005). Courts commonly

consider three factors: (1) whether the party's subsequent position is "clearly inconsistent with its earlier position"; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding might pose a threat to judicial integrity"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Bioletti v. Bioletti*, 204 N.C. App. 270, 275, 693 S.E.2d 691, 695 (2010) (quoting *Whitacre P'ship v. BioSignia, Inc.*, 358 N.C. 1, 29, 591 S.E.2d 870, 888–89 (2004)).

14. Sprout does not recite these factors or explain how they apply in this case. (*See* Points & Authorities in Supp. Mot. Dismiss 11–12, ECF No. 51.) For example, there is no indication that USConnect "persuad[ed]" the federal court "to accept" a position contrary to a position USConnect is now pressing before this Court. Similarly, Sprout points to no specific allegations in the amended complaint that are at odds with USConnect's positions in the federal action.

15. Further, Sprout fails to explain how judicial estoppel would support dismissal of any claim, other than to request that "all claims of the First Amended Complaint be limited by judicial estoppel to factual averments wholly consistent with USConnect's assertions in the New Jersey case . . . ." (Points & Authorities in Supp. Mot. Dismiss 13–14.) In the absence of a coherent argument as to how the doctrine of judicial estoppel would require dismissal of any of the claims, Sprout is not entitled to the relief it seeks.

16.    The Court therefore denies the Motion to the extent it is based on principles of judicial estoppel.

IV.
CONCLUSION

17.    For these reasons, the Court **DENIES** Sprout's Motion.

This the 10th day of August, 2017.


        /s/ Adam M. Conrad
        Adam M. Conrad
        Special Superior Court Judge
        for Complex Business Cases