STROUD, Judge.
 

 *462
 
 Plaintiff's brother, Ernest Harold Brewington, Sr., died on 19 May 2013, leaving a holographic will. The holographic will provided in relevant part, "All insurance proceeds will go in a trust account after the following ... 5. Pay the note @ BB&T that's in my sister Peggy's name[.]" On 21 June 2013, letters testamentary were issued to defendants to serve as co-executrixes of the decedent's estate. On 26 September 2013,
 
 *463
 
 plaintiff presented her claim under the will to defendants, requesting payment of the BB&T loan, which she specifically identified by loan number, principal balance, and per diem interest owed. On 25 November 2013, defendants rejected plaintiff's claim "in full" "pursuant to N.C. Gen. Stat. § 28A-19-1 et seq." North Carolina General Statute § 28A-19-1
 
 et seq.
 
 is in Article 19 of our General Statutes entitled, "CLAIMS AGAINST THE ESTATE" which is in Chapter 28A entitled, "ADMINISTRATION OF DECEDENTS' ESTATES[.]"
 
 See generally
 
 N.C. Gen. Stat. Chap. 28A, Art. 19 (2013).
 

 On 13 August 2015, plaintiff filed a "COMPLAINT BY LEGATEE TO RECOVER LEGACY[.]" Plaintiff alleged that she was entitled to receive payment under the her brother's will of the sum required to pay off the BB&T loan. Plaintiff requested the trial court to compel payment from defendants, the co-executrixes of her brother's estate. Defendants answered plaintiff's complaint, alleging plaintiff was a
 
 creditor
 
 of the estate and had received "$38,593.07 in life insurance proceeds[.]" Defendants' implicit position was that plaintiff's only possible claim was as a creditor under the estate and not as a legatee, and payment of the debt had been fulfilled in part with the $38,593.07 payment. Defendants also requested dismissal under North Carolina Rule of Civil Procedure 12(b)(6) and argued plaintiff's claim was barred by the "[a]pplicable" statute of limitations because "Plaintiff's claim is properly treated as that of a creditor[,]" although the answer did not cite a particular statute.
 

 On 7 October 2015, the trial court denied defendant's motion to dismiss. After a bench trial, on 5 August 2016, the trial court entered an order with many findings of fact, none of which are challenged on appeal. Relevant to the issue on appeal, the trial court found "[t]he only note at BB&T that plaintiff had at the time of decedent's death ... had a balance at or about ... $86,230.48 with interest at 4.1% per annum[.]" The trial court concluded that "[t]he will of the decedent in Section 5.E. made an indirect devise to the plaintiff by directing that decedent's funds were to be used to pay a debt owned by the plaintiff to a third party, Branch Banking and Trust Company, which debt was Branch Banking & Trust Company Loan ... in the name of the plaintiff." The trial court found:
 

 Defendants filed an Affidavit of Notice to Creditors on September 25, 2013 which stated that no copy of the Notice to Creditors required by G.S. 28A-14-1 had been mailed or personally delivered because, after making a reasonable effort, within the time allowed by law, they were satisfied that there were no persons, firms or corporations having unsatisfied claims against the estate of the decedent. The
 
 *464
 
 defendants did not mail or deliver to plaintiff a Notice to Creditors as is described in N.C Gen. Stat. § 28A-14-1.
 

 The trial court concluded that "[t]he rejection of the creditor's claim filed by the plaintiff and the statute of limitations applicable to such claim, N.C. Gen. Stat. § 28A-19-3, does
 
 *240
 
 not bar the claim of an heir or devisee to their respective shares or interests in a decedent's estate." The trial court entered judgment for plaintiff and ordered defendants, the co-executrixes of the estate, to pay $91,949.07 with interest. Defendants appeal.
 

 Defendants argue that the trial court erred in determining plaintiff "was entitled to indirect devise" because she was a creditor of the estate. Whether plaintiff was a creditor of the estate is a question of law we review
 
 de novo
 
 on appeal.
 
 Spears v. Betsy Johnson Mem'l Hosp.
 
 ,
 
 210 N.C. App. 716
 
 , 719,
 
 708 S.E.2d 315
 
 , 318 (2011) ("[I]ssues involving statutory interpretation are questions of law, which are reviewed
 
 de novo
 
 by an appellate court." (citation and quotation marks omitted) ). Defendants have not challenged any of the trial court's findings of fact supporting its conclusion of law that plaintiff was not a creditor of the estate, and we agree with the trial court's conclusion.
 

 We are unaware of any North Carolina authority which discusses or interprets what constitutes an "indirect devise." A devise would usually be classified as a specific devise, a general devise, or a residuary devise.
 
 See
 
 N.C. Gen. Stat. § 28A-15-5 (2013).
 

 The general rules for determining whether a bequest is general or specific in nature are relatively clear, but their proper application to the innumerable variations in wording and circumstances presented by testators to the courts is much less certain. A specific legacy is defined as a gift of a particular fund or object-a particular thing or money specified and distinguished from all of the same kind, as of a horse, a piece of plate, money in a purse, stock in the public funds, a security for money, which would immediately vest with the assent of the executor. In order to avoid having to apply the principle of ademption, courts usually presume that the testator intended to create a general legacy when he fails to make his intention clear. The tendency of the courts is to hold that a bequest is not specific unless the intent clearly appears in the will.
 

 A general bequest is defined as a gift of property which does not specify the exact unit of property which the legatee is to receive.
 

 *465
 

 Edmundson v. Morton
 
 ,
 
 332 N.C. 276
 
 , 283-84,
 
 420 S.E.2d 106
 
 , 111 (1992) (citations and quotation marks omitted).
 

 The classification of a devise is normally not a disputed issue unless the estate is not sufficient to satisfy all devises, in which case devises abate in a particular order, depending upon the type of devise.
 
 See generally
 
 N.C. Gen. Stat. § 28A-15-5. Abatement is not an issue here, since there is no indication that the decedent's estate was insufficient to satisfy all devises and debts. Whether the direction to pay the BB&T debt owed by plaintiff was a general devise, a specific devise, or an "indirect devise," as the trial court described it, the issue here is only whether it was some form of devise. Defendants have argued only plaintiff is instead a
 
 creditor.
 

 We also note that defendants' claim is contradicted by their own sworn affidavit. On 25 September 2013 defendants filed an "AFFIDAVIT OF NOTICE TO CREDITORS"-Form AOC-E-307, Rev. 3/07 under North Carolina General Statutes §§ 28A-14-1, - 14-2, averring the estate had no creditors. "Our Courts have continuously recognized that a party may not assert a particular position in an action, and then assert a contrary position in subsequent proceedings after having accepted the benefits."
 
 Meehan v. Meehan
 
 ,
 
 116 N.C. App. 622
 
 , 626,
 
 448 S.E.2d 851
 
 , 853 (1994). "[J]udicial estoppel forbids a party from asserting a legal position inconsistent with one taken earlier in the same or related litigation."
 
 Price v. Price
 
 ,
 
 169 N.C. App. 187
 
 , 191,
 
 609 S.E.2d 450
 
 , 452 (2005) (citation and quotation marks omitted). Because defendants' affidavit averred the estate had no creditors, and the trial court so found, they are now estopped from claiming plaintiff is a creditor in this lawsuit to recover under the estate.
 
 See generally
 
 id.
 

 Defendants' only other argument on appeal is that plaintiff's claim was barred by the statute of limitations for creditors under North Carolina General Statute § 28A-19-16 which defendants contend was "within three months after the written rejection of the claim." But since plaintiff is not a creditor, any statute of limitations applicable to creditors
 
 *241
 
 does not apply to her. Defendants have not alleged or argued any other statute of limitations would bar her claim.
 

 We affirm the trial court's judgment.
 

 AFFIRMED.
 

 Judges BRYANT and CALABRIA concur.